BROWN RUDNICK LLP
Edward S. Weisfelner
Howard S. Steel
7 Times Square
New York, New York 10036
Telephone: 212-209-4800
Facsimile: 212-209-4801

- and -

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
Scott L. Baena (*pro hac vice* motion pending)
Mindy A. Mora
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Telephone: (305) 374-7580
Facsimile: (305) 351-2242

*Co-Counsel for North Carillon Beach*
*Condominium Association, Inc., Central*
*Carillon Beach Condominium Association,*
*Inc., and South Carillon Beach*
*Condominium Association, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
| In re:                          | : | Chapter 11              |
|                                 | : |                         |
| FL 6801 SPIRITS LLC, *et al.*,  | : | Case No. 14-11691 (SCC) |
|                                 | : |                         |
|                      Debtors.   | : | (Jointly Administered)  |
|                                 | : |                         |
-------------------------------------------------------------X

**EX PARTE MOTION OF NORTH CARILLON BEACH**
**CONDOMINIUM ASSOCIATION, INC., CENTRAL**
**CARILLON BEACH CONDOMINIUM ASSOCIATION,**
**INC., AND SOUTH CARILLON BEACH CONDOMINIUM**
**ASSOCIATION, INC. TO SHORTEN NOTICE WITH RESPECT**
**TO THEIR MOTION PURSUANT TO 28 U.S.C. §§ 1408 & 1412**
**AND RULE 1014 OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE TO TRANSFER CASES TO THE UNITED STATES**
**<u>DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ................................................................................................................... 2

RELIEF REQUESTED .......................................................................................................... 4

JURISDICTION AND VENUE ............................................................................................ 4

BASIS FOR RELIEF REQUESTED .................................................................................... 4

NOTICE ................................................................................................................................. 6

NO PRIOR REQUEST .......................................................................................................... 7

CONCLUSION ...................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                              **PAGE(S)**

Fourth Branch Assocs. v. Mohawk Paper Milles, Inc. (In re Kings Falls Power Corp.),
   185 B.R. 431 (Bankr. N.D.N.Y. 1995) ..................................................................................4

LTV Steel Co., Inc. v. Connors (In re Chateaugay Corp.),
   111 B.R. 399 (Bankr. S.D.N.Y. 1990) ..................................................................................5

In re Jones,
   39 B.R. 1019 (Bankr. S.D.N.Y. 1984) ..................................................................................5

In re Sundance Corp.,
   84 B.R. 699 (Bankr. D. Mont. 1988) ....................................................................................5

TVI, Inc. v. Russo (In re Russo),
   Nos. 01-20684, 01-6330, WL 33939735 (Bankr. D. Idaho Apr 19, 2002) ..........................5

In re Gale,
   144 B.R. 411 (Bankr. E.D. Ark. 1992) .................................................................................5

Hadar Leasing Int'l Co. v. D.H. Overmeyer Telecasting Co. (In re Hadar Leasing Int'l Co.),
   14 B.R. 819 (Bankr. S.D.N.Y. 1981) ....................................................................................6

**STATUTES**

11 U.S.C. §105............................................................................................................................ 1

11 U.S.C. §102(1) ....................................................................................................................... 4

**RULES**

Fed. R. Bankr. P. § 9006(c) .................................................................................................. 1, 2, 4

Bankr. S.D.N.Y.R. § 9006-1(b) ............................................................................................ 1, 2, 4

Fed. R. Bankr. P. §1014 .............................................................................................................. 5

**OTHER AUTHORITIES**

Bankruptcy Practice Manual § 18:11 (2d ed. 2013) ................................................................... 5

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

North Carillon Beach Condominium Association, Inc., Central Carillon Beach Condominium Association, Inc. and South Carillon Beach Condominium Association, Inc. (collectively, the "Associations"), by and through their undersigned co-counsel, respectfully submit this motion (the "Motion to Shorten"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for the entry of an Order, substantially in the form attached hereto as **Exhibit A**, shortening the time for notice with respect to the Associations' *Motion Pursuant to 28 U.S.C. §§ 1408 & 1412 and Rule 1014 of the Federal Rules of Bankruptcy Procedure to Transfer Cases to the United States District Court for the Southern District of Florida* (the "Motion to Transfer"), filed contemporaneously herewith. In support of this Motion to Shorten, the Associations respectfully state as follows:

## PRELIMINARY STATEMENT

1. This Motion to Shorten seeks entry of an Order shortening notice and scheduling the Motion to Transfer for hearing on June 25, 2014. There is good cause to reduce the notice period for the Motion to Transfer as motions to transfer venue should be heard on an expedited basis as early as possible in a Chapter 11 case and granting this Motion to Shorten would promote judicial economy, protect against prejudice to the Associations that would likely follow if the Motion to Shorten were denied, and would not prejudice the Debtors or other parties in interest.

2. It is settled law in this jurisdiction that the Court may, in the interests of justice or for the convenience of the parties, transfer venue of a pending Chapter 11 case to another

proper district. The Associations posit that for the reasons set forth in the Motion to Transfer, which is incorporated by reference herein, the relevant standards, whether applied individually or collectively, substantially favor the transfer of these cases to the United States District Court for the Southern District of Florida.[1]

3. Granting the Motion to Shorten would promote judicial economy by allowing this Court to make an early determination on the Motion to Transfer and where these cases should proceed. Granting the Motion to Shorten will not prejudice the Debtors or other parties in interest as these Chapter 11 cases are in their nascent stage and the twenty day "interim period" has yet to run. The Associations submit that parties in interest will have sufficient time (seven days) to prepare for the proposed hearing on the Motion to Transfer. Conversely, if the Motion to Shorten is denied, the Associations face great prejudice, inviting arguments that too much time has passed to properly consider the Motion to Transfer, especially provided that the Debtors seek final approval of substantive relief related to bidding procedures, professional retentions and DIP financing at the June 25th hearing. Accordingly, as more fully set forth below and in the Motion to Transfer, the Motion to Shorten should be granted.

## BACKGROUND

4. The Debtors are defendants in pending lawsuits (the "State Court Actions")

---

[1] Presumably, upon transfer of the Chapter 11 cases to the District Court for the Southern District of Florida, that Court will thereupon refer the cases to the United States Bankruptcy Court for the Southern District of Florida. *See United States District Court for the Southern District of Florida General Order of Reference*, dated July 11, 1984, and S.D. Fla. L.R. 87.2.

2

commenced by the Associations in the Circuit Court in and for Miami-Dade County, Florida.[2] By the State Court Actions, the Associations seek, *inter alia*, declaratory relief under Florida state law as to the condominium unit owners' rights under various condominium declarations, restrictions and easements. In other words, the Associations seek a determination that the Debtors have historically levied millions of dollars of improper assessments against the unit owners and now seek to prospectively lock in these exponential over-charges and other restrictions on their Canyon Ranch lifestyle.

5.  On June 1, 2014 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court of the Southern District of New York. The Debtors continue to operate and manage their businesses as debtors-in-possession.

6.  On the Petition Date, the Debtors filed the *Debtors' (I) Ex Parte Application for an Order Scheduling a Hearing to Consider, Among Other Things, Bidding Procedures and (II) Motion for (A) an Order Approving, Among Other Things, (i) Bidding Procedures Regarding the Debtors' Sale of Property, Subject to Higher or Better Offers and Bankruptcy Court Approval, (ii) the Time, Date, Place and Form of Notice for the Auction and Sale Hearing, and (iii) a Break-Up Fee, (B) an Order (i) Approving the Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests, and (ii) Authorizing the Assumption and Assignment of Certain Executory Contracts, and (C) Related Relief* (the "Sale Motion"). See Docket No. 4. A

---

[2] The State Court Actions are as follows: (i) *Central Carillon Beach Condominium Association, Inc., South Carillon Beach Condominium Association, Inc. v. FL 6801 Collins Central LLC, Carillon Hotel and Spa Master Association, Inc., North Carillon Beach Condominium Association, Inc.*, Case No. 2014-5408-CA (25), pending in the Circuit Court in and for Miami-Dade County, Florida; and (ii) *North Carillon Beach Condominium Association, Inc., vs. FL 6801 Collins North LLC, FL 6801 Collins South LLC, FL 6801 Collins Central LLC and W Capital Group, LLC*, Case No. 14-004356 CA (04), pending in the Circuit Court in and for Miami-Dade County, Florida. Copies of the complaints (without exhibits) filed in the State Court Actions are attached to the Motion to Transfer as Exhibit A.

hearing on the bidding procedures set forth in the Sale Motion is currently scheduled for June 25, 2014 at 10:00 a.m. (ET).

## RELIEF REQUESTED

7. By this Motion to Shorten, the Associations seek entry of an order, substantially in the form attached hereto as Exhibit A, shortening the notice period with respect to the Motion to Transfer so that it may be heard on June 25, 2014 at 10:00 a.m. (ET), or as soon thereafter as counsel may be heard.

## JURISDICTION AND VENUE

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BASIS FOR RELIEF REQUESTED

9. Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(b) authorize the Court, for cause shown, to reduce the notice period required for a hearing. Although the Bankruptcy Code requires "notice and a hearing" on any given motion, the phrase is elastic and meant to take into account the "particular circumstances" of a motion. See 11 U.S.C. § 102(1) ("'[A]fter notice and a hearing' . . . means after such notice as is appropriate in the particular circumstances.").

10. In exercising its discretion under Bankruptcy Rule 9006(c)(1), a court will typically weigh the reasons for shortening notice against the potential prejudice to other parties in interest who would be affected by the shortened notice. Where legitimate reasons exist for shortening notice, and other parties in interest would not be substantially prejudiced, courts have granted requests for shortened notice. See Fourth Branch Assocs. v. Mohawk Paper Milles, Inc. (In re Kings Falls Power Corp.), 185 B.R. 431, 440-41 (Bankr. N.D.N.Y. 1995) (allowing

4

shortened notice period because resolution of dispositive motion was necessary prior to "blow-up" date of global settlement and was in the estate's best interests); LTV Steel Co., Inc. v. Connors (In re Chateaugay Corp.), 111 B.R. 399, 407-408 (Bankr. S.D.N.Y. 1990) (shortening notice because ten days could impose "severe hardship" on parties in interest and six days would not prejudice defendant).

11.  Bankruptcy Rule 1014 requires that motions to transfer venue be "timely" to avoid "duplication of administration expenses and a delay in the reorganization process." See In re Jones, 39 B.R. 1019, 1020 (Bankr. S.D.N.Y. 1984). As such, issues related to venue should be heard prior to "dealing with the merits of [a] Chapter 11 case." In re Sundance Corp., 84 B.R. 699, 701 (Bankr. D. Mont. 1988); see also TVI, Inc. v. Russo (In re Russo), Nos. 01-20684, 01-6330, 2002 WL 33939735, at *3 (Bankr. D. Idaho Apr. 19, 2002) ("[T]he longer the delay in raising the § 1412 issue once the basis for the request to change a properly venued case is known, the less likely the motion will be considered timely. This is especially true where other parties have taken positions, incurred expenses, or otherwise relied upon the existing venue."); Bankruptcy Practice Manual § 18:11 (2d ed. 2013) ("A motion to transfer the venue of an entire case should be presented and heard on an expedited basis, as the more administration conducted by the forum court, the more difficult the transfer.").

12.  Some courts, recognizing the swiftness with which motions to transfer venue must be heard, have recognized that "it is questionable whether creditors are [even] required to have notice of a motion to transfer venue . . . ." See In re Gale, 144 B.R. 411, 414 (Bankr. E.D. Ark. 1992); see also Hadar Leasing Int'l Co. v. D.H. Overmyer Telecasting Co. (In re Hadar Leasing Int'l Co.), 14 B.R. 819, 821 (S.D.N.Y. 1981) (ruling the bankruptcy court did not err in granting a motion to transfer venue without notice to creditors).

5

13. An expedited hearing on the Motion to Transfer would promote judicial economy by allowing this Court to make an early determination as to whether these cases should proceed in the Southern District of New York or be transferred to Southern District of Florida. Such an early determination is appropriate because, among other sound bases for an expedited determination as set forth in the Motion to Transfer: (a) it will allow the court that ultimately presides over the Debtors' cases to make as many of the substantive decisions pertaining to requests for relief as possible (including with respect to the relief sought in the Sale Motion and DIP Motion); (b) it will allow parties in interest to minimize duplication of efforts by professionals particular to one jurisdiction or the other; (c) it will avoid the need for any of the actions currently pending in Florida to be removed and transferred from Florida to New York and, potentially, back to Florida; and (d) it will provide creditors, state regulators, and numerous other parties in interest, nearly all of whom are located in Florida with a prompt determination of the appropriate venue for these Chapter 11 cases.

14. If the Motion to Transfer is not heard on an expedited basis, it will prejudice the Associations by inviting arguments that too much time has passed or that this Court is "already too far up the learning curve" to grant the relief requested in the Motion to Transfer. Further, an expedited hearing on the Motion to Transfer would not prejudice the Debtors or any parties in interest because the requested notice period and hearing schedule provide an appropriate amount of time to respond to the Motion to Transfer, if necessary, and thus preserves the due process rights that courts seek to protect through sufficient notice periods.

## **NOTICE**

15. Notice of the Motion to Shorten has been provided to: (a) counsel to the Debtors; (b) the Office of the United States Trustee; (c) PAMI ALI LLC; (d) 360 Miami Hotel and Spa

6

LLC; (e) parties who have filed notices of appearance; and (f) all other parties required to be served under the Bankruptcy Code.

## NO PRIOR REQUEST

16. No prior request for the relief requested herein has been made to this or any other Court.

**CONCLUSION**

WHEREFORE, the Associations respectfully request entry of an Order, substantially in the form attached hereto as <u>Exhibit A</u>:  (i) shortening the notice with respect to the Motion to Transfer by scheduling the Motion to Transfer to be heard on June 25, 2014 at 10:00 a.m. (ET), or as soon thereafter as counsel may be heard; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: June 17, 2014
       New York, New York

**BROWN RUDNICK LLP**

By: */s/ Howard S. Steel*
    Edward S. Weisfelner
    David J. Molton
    Howard S. Steel
    Mason C. Simpson
    BROWN RUDNICK LLP
    7 Times Square
    New York, New York 10036
    Telephone: (212) 209-4800
    Facsimile:  (212) 209-4801

    - and -

    BILZIN SUMBERG BAENA PRICE &
    AXELROD LLP
    Scott L. Baena (pro hac vice pending)
    Mindy A. Mora
    1450 Brickell Avenue, Suite 2300
    Miami, Florida 33131
    Telephone:  (305) 374-7580
    Facsimile:  (305) 351-2242

    *Co-Counsel for the North Carillon Beach*
    *Condominium Association, Inc.,*
    *Central Carillon Beach Condominium*
    *Association, Inc., and South Carillon Beach*
    *Condominium Association, Inc.*

8

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| FL 6801 SPIRITS LLC, *et al.*, | : Case No. 14-11691 (SCC) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

------------------------------------------------------------------X

**ORDER GRANTING EX PARTE MOTION OF NORTH
CARILLON BEACH CONDOMINIUM ASSOCIATION, INC., CENTRAL
CARILLON BEACH CONDOMINIUM ASSOCIATION, INC., AND SOUTH
CARILLON BEACH CONDOMINIUM ASSOCIATION, INC. TO SHORTEN
NOTICE WITH RESPECT TO THEIR MOTION PURSUANT TO 28
U.S.C. §§ 1408 & 1412 AND RULE 1014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE TO TRANSFER CASES TO THE UNITED
STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

Upon the Motion to Shorten, dated June 17, 2014[1] filed by the Associations seeking expedited consideration of the Motion to Transfer; and no previous motion for such relief having been made; and for good cause shown; it is hereby

ORDERED that the Motion to Shorten is GRANTED; and it is further

ORDERED that the Motion to Transfer shall be considered by this Court on June 25, 2014 at 10:00 a.m. (ET); and it is further

ORDERED that responses, if any, to the Motion to Transfer shall be filed and served so that they are actually received by no later than __:__ _.m. (ET) on _____ __, 2014; and it is further

---

[1] All capitalized terms used but not defined herein shall have the same meanings as ascribed to them in the Motion to Shorten.

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: June ___, 2014
      New York, New York

                                                                     _____
                                                                    THE HONORABLE SHELLEY C. CHAPMAN
                                                                    UNITED STATES BANKRUPTCY JUDGE