TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Steven S. Flores
Lara R. Sheikh

Proposed Counsel to the
 Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
In re:                                                         :    Chapter 11
                                                               :
FL 6801 SPIRITS LLC, *et al.*,                                 :    Case No. 14-11691 (SCC)
                                                               :
                              Debtors.                         :    (Jointly Administered)
                                                               :
---------------------------------------------------------------X

**DEBTORS' OBJECTION TO THE ASSOCIATIONS' MOTION FOR AN ORDER TO SHORTEN NOTICE REGARDING THEIR MOTION PURSUANT TO 28 U.S.C. §§ 1408 & 1412 AND RULE 1014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO TRANSFER CASES TO THE UNITED <u>STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

OBJECTION ............................................................................................................................ 1

    A.    Applicable Legal Standards ................................................................................. 1

    B.    The Motion to Shorten Should Be Denied ......................................................... 2

CONCLUSION ........................................................................................................................ 8

```
```

# TABLE OF AUTHORITIES

**Cases**

*Fourth Branch Assocs. v. Mohawk Paper Milles, Inc. (In re Kings Falls Power Corp.),*
  185 B.R. 431 Bankr. N.D.N.Y. 1995) ................................................................................ 5

*In re Enron Corp.,* 274 B.R. 327 (Bankr. S.D.N.Y. 2002) ............................................................ 2

*In re Gale,* 144 B.R. 411 (Bankr. E.D. Ark. 1992) ....................................................................... 5

*In re Hadar Leasing Intern. Co., Inc.,* 14 B.R. 819 (S.D.N.Y. 1981) ........................................... 5

*In re Houghton Mifflin Harcourt Publ'g Co.,* 474 B.R. 122 (Bankr. S.D.N.Y. 2012) ................. 5

*In re Jones*, 39 B.R. 1019 (Bankr. S.D.N.Y. 1984) ..................................................................... 4

*In re Paige,* 476 B.R. 867 (Bankr. M.D. Pa. 2012) ..................................................................... 3

*In re Phila. Newspapers, LLC*, 690 F.3d 161 (3d Cir. 2012) ....................................................... 1

*In re Sandra Cotton, Inc.,* 65 B.R. 153 (W.D.N.Y. 1986) ....................................................... 1, 4

*In re Sundance Corp.,* 84 B.R. 699 (Bankr. D. Mont. 1988) ....................................................... 4

*LTV Steel Co., Inc. v. Connors (In re Chateaugay Corp.),*
  111 B.R. 399 (Bankr. S.D.N.Y. 1990) ................................................................................ 6

**Rules**

Bankr. S.D.N.Y.R. 9006-1(b) ........................................................................................................ 1

Fed. R. Bankr. P. 9006(c)(1) ......................................................................................................... 1

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

The Debtors[1] file this objection to the Associations'[2] Motion for the entry of an Order shortening the time for notice [docket no. 47] (the "Motion to Shorten") regarding the Associations' Motion to Transfer Cases to the United States District Court for the Southern District of Florida (the "Motion to Transfer") [docket no. 46]. For the reasons set forth below, the Motion to Shorten should be denied.

## OBJECTION

### A.     *Applicable Legal Standards*

1. Local Rule 9006-1(b) of this Court requires that, unless otherwise ordered by the court, motions must be served at least 14 days prior to the return date and that any answering papers shall be served so as to ensure actual receipt not later than seven (7) days before the return date. *See* Bankr. S.D.N.Y.R. 9006-1(b). Pursuant to Federal Bankruptcy Rule 9006(c)(1), notice periods may be reduced only "for cause" shown. *See* Fed. R. Bankr. P. 9006(c)(1)); *see also In re Sandra Cotton, Inc.*, 65 B.R. 153, 156 (W.D.N.Y. 1986) ("The flexibility written into Bankruptcy Rule 9006 to reduce the time for notice ***should be sparingly invoked*** and may be invoked only for cause shown.") (emphasis added).

2. In exercising discretion under Bankruptcy Rule 9006(c)(1), a court weighs the reason for shortening the notice period against prejudice that potentially would result to the parties entitled to notice if the notice period is reduced. *See In re Phila. Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012).

---

[1] The Debtors consist of the following entities: FL 6801 Spirits LLC, FL 6801 Collins North LLC, FL 6801 Collins Central LLC, FL 6801 Collins South LLC.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion to Shorten.

B.  *The Motion to Shorten Should Be Denied*

3.  The Motion to Shorten and Motion to Transfer should be seen for precisely what they are: efforts to gain leverage in the sale process currently before this Court. The Associations having already disrupted one potential (pre-petition) sale transaction should not be allowed to do it again.[3] The Motion to Transfer can, and should, be heard pursuant to sensible normal notice time frames contained in Rule 9006 while the rest of the case moves forward on the schedule set by this Court. Moreover, if the Motion to Transfer is heard on regular notice, the Debtors will not argue "too much time has past" as a basis to deny the Motion to Transfer; thus, the Associations will not be prejudiced by following normal notice procedures now.

4.  On June 17, 2014 (well after the close of business), the Associations filed the Motion to Shorten and the Motion to Transfer. The Motion to Shorten seeks to have the Motion to Transfer heard on June 25, 2014 -- giving all parties in interest only five (5) business days notice prior to the proposed hearing date.

5.  The Associations do not dispute that proper venue for the Debtors' cases exists in this Court. And it is black-letter law that the Debtors' choice of forum, if venue is proper, should be given great weight. *See e.g., In re Enron Corp.*, 274 B.R. 327, 342 (Bankr. S.D.N.Y. 2002).[4]

6.  The Motion to Shorten should be denied for several reasons. <u>First</u>, on June 1, 2014 (the "Petition Date"), each of the Debtors filed voluntary petitions in this

---

[3]  Before the commencement of these cases, the Debtors received a higher offer for the property. Movants commenced litigation which succeeded in chilling that sale.

[4]  Moreover, the interests of justice and convenience of the parties also point decidedly to keeping venue in this Court. By way of example only, a cursory review of the Rental Management Program ("RMP") participants [docket nos. 16, 41] reveals that nearly one third of the RMP participants use New York or tri-state area addresses and more than half of the RMP participants use addresses outside of Florida. Additionally, the notice addresses for all of the 506 unit owners, which we believe the Associations already have, reveals that 301 (*i.e.* 60%) have addresses **outside of Florida**.

2

Court for relief under Chapter 11 of the Bankruptcy Code, together with the motion for orders, among other things, approving bidding and sale procedures and the sale of the Debtors' property to the stalking horse, subject to higher or better offers. Notably, the Debtors did not seek to shorten the time for the Court to consider their proposed bid procedures. The Associations waited 16 days after the Petition Date to file the Motion to Transfer (and Motion to Shorten). While this delay may not be a sufficient reason to deny the Motion to Transfer, it cannot be disputed that the Associations' failure to act sooner is the *only* reason short notice is even arguably "necessary" now.

7. Courts decline to find "cause" for altering deadlines when requests are necessitated by a party's own failure to act. *See generally In re Paige,* 476 B.R. 867, 872 (Bankr. M.D. Pa. 2012) (recognizing, in the context of request for an extension of time for filing a complaint, a consensus that "cause" is not present when a request is due to a lack of diligence or when no special circumstances justify the delay).

8. There is simply no reason why the Motion to Transfer must be heard on June 25, thus, truncating the Debtors' ability to adequately prepare their response to the Motion to Transfer which gives rise to multiple disputed factual and legal issues. If the Associations cannot meet the requisite time for notice however, they have only themselves to blame. The Debtors, and other parties in interests, including the Court, should not be subjected to a fire drill process to rectify the Associations' own inaction.

9. *Second*, the Associations argue that an expedited hearing would promote "judicial economy."[5] Motion to Shorten at ¶¶ 3, 13. The marginal "judicial

---

[5] Specifically, the Associations assert that an early determination is appropriate because, among other reasons: (a) it will allow the court that ultimately presides over the Debtors' cases to make as many of the substantive decisions pertaining to requests for relief as possible (including with respect to the relief sought in the Sale Motion and DIP Motion); (b) it will allow parties in interest to minimize

3

14-11691-scc    Doc 57    Filed 06/20/14    Entered 06/20/14 15:57:10    Main Document
Pg 7 of 11


economy" that might be realized does not constitute "cause" sufficient for truncating established notice requirements. *See In re Sandra Cotton, Inc.*, 65 B.R. at 156 ("Administrative convenience does not justify an abbreviated notice.").[6] Moreover, bankruptcy courts in this judicial district are wisely reluctant to unnecessarily expedite venue disputes because the parties often require time to conduct discovery, prepare witness testimony, and file supplemental papers. *See, e.g., In re Houghton Mifflin Harcourt Publ'g Co.*, Case No. 05-11063 (Bankr. S.D.N.Y. 2012) (decision on venue transfer motion issued 23 days after motion was filed and request for shortened notice denied to give parties in interest a normal opportunity to be heard [docket no. 127]); *see also In re Patriot Coal Corp.*, Case No. 12-12900 (Bankr. S.D.N.Y. 2012) (decision on venue transfer motion issued 132 days after motion was filed [docket no. 1629]); *In re Winn-Dixie Stores, Inc.*, Case No. 05-11063 (Bankr. S.D.N.Y. 2005) (decision on venue transfer motion issued 30 days after motion was filed [docket no. 731]).[7]

---

duplication of efforts by professionals particular to one jurisdiction or the other; (c) it will avoid the need for any of the actions currently pending in Florida to be removed and transferred from Florida to New York and, potentially, back to Florida; and (d) it will provide creditors, state regulators, and numerous other parties in interest, *nearly all of whom are located in Florida,* with a prompt determination of the appropriate venue for these Chapter 11 cases. Motion to Shorten at ¶ 13 (emphasis added). (As noted above, the Debtors dispute, among other things, that nearly all interested parties are located in Florida as, for example, more than 60 percent of the unit owners are based outside of Florida (or at least have provided a non-Florida address for notice purposes.)

[6] Moreover, to the extent that the Associations suggest that notice should be shortened because: (i) venue should be decided prior to dealing with the merits of the case (Motion to Shorten ¶11 citing *In re Sundance Corp.,* 84 B.R. 699, 701 (Bankr. D. Mont. 1988)) and (ii) it will avoid duplicative expenses (*id. citing In re Jones*, 39 B.R. 1019, 1020 (Bankr. S.D.N.Y. 1984)), they are wrong. Those arguments are based on irrelevant caselaw and do not justify the relief sought. In *Sundance,* the court merely recognized that a movant should not *first* contest the merits of a case, *then* challenge venue. In *Jones,* the court denied a motion to transfer venue based on avoidance of duplicative expenses, however, that motion was filed more than one and a half years after the case was commenced. Tellingly, neither case concerns shortening notice.

[7] While the Debtors submit that the Motion to Transfer has no merit, discovery may be needed to fully test several of the Associations' factual claims, such as the critical claim that moving the cases to Florida will be more convenient (and that nearly all interested parties are located in Florida). If the Motion to Transfer is decided on an expedited basis, the Debtors will be stripped of any meaningful opportunity to test factual assertions, which is an obvious prejudice to the Debtors.

4

10. <u>Third</u>, putting aside the additional burden that shortened notice would put on the Debtors and the Court (who already have several motions scheduled for June 25), shortening notice as requested does not give interested parties ample time to be heard. While the Associations have had sophisticated Florida counsel for many months (and could have filed the Motion to Transfer in the first week of June), the hundreds of owners and other parties in interest who live or are primarily based outside of Florida deserve an ample opportunity to be heard. Indeed, in *Houghton Mifflin,* Judge Gerber denied the request for an order shortening time on a motion to transfer venue finding that the "matter is too important to be heard without giving the stakeholders in this case, whose money is on the line, the normal opportunity to respond." *In re Houghton Mifflin Harcourt Publ'g Co.*, 474 B.R. 122, 130 (Bankr. S.D.N.Y. 2012) (referencing endorsed Order).[8]

11. <u>Fourth</u>, the Associations devote only one paragraph to explaining why they will be prejudiced if the Motion to Transfer is not heard on an expedited basis. They do not point to any emergency, severe hardship, or unusual circumstances. Indeed, the Associations do not (and could not) point to any consequences that are even remotely similar to the consequences present in the cases the Associations rely upon (*see* Motion to Shorten ¶ 10), such as *Fourth Branch Assocs. v. Mohawk Paper Milles, Inc. (In re Kings Falls Power Corp.),* 185 B.R. 431, 440-41 (Bankr. N.D.N.Y. 1995) (shortening notice was "necessary" to effectuate a plan of reorganization and to avoid "blow up" date for

---

[8] While the Associations cite to two cases suggesting that notice to creditors is not necessary, those cases are inapposite. Motion to Shorten ¶ 12. *In re Gale,* 144 B.R. 411 (Bankr. E.D. Ark. 1992) concerned creditors who did not oppose the motion or request notice of its consideration before the court, which is why notice to them was deemed unnecessary. *In re Hadar Leasing Intern. Co., Inc.,* 14 B.R. 819, 821 (S.D.N.Y. 1981) was based on the court's interpretation of Bankruptcy Rule 116 which has been superseded for nearly 40 years. Unlike the existing rules and statutes, former Banrkuptcy Rule 116 explicitly authorized transfer of venue before the first meeting of creditors, so the court determined that under Bankruptcy Rule 116 notice to creditors was not necessary.

5

global settlement) and *LTV Steel Co., Inc. v. Connors (In re Chateaugay Corp.),* 111 B.R. 399, 407-08 (Bankr. S.D.N.Y. 1990) (shortening notice due to severe hardship that would be inflicted upon the retirees if their benefits were terminated.). Instead, the Associations state that if notice is not shortened:

> It will prejudice the Associations by inviting arguments that too much time has passed or that this Court is 'already too far up the learning curve' to grant the relief requested in the Motion to Transfer.

Motion to Shorten ¶14.

12. The fact is that the Associations will not be prejudiced at all if the Motion to Shorten, or ultimately the Motion to Transfer, is denied. The Associations are now represented by both sophisticated New York and Florida counsel and are fully capable of participating in these cases, including in the sale process before this Court. Moreover, they control their own fate in that they can simply seek to be the successful purchaser by submitting a higher or better offer for the property. The Debtors urge them to do so if they are so inclined.

13. No authority cited by the Associations justifies shortening notice for such a flaccid reason. In any event, if the Motion to Transfer is heard on regular notice, the Debtors will not argue that "too much time has passed" as a basis to deny the Motion to Transfer. Thus, there will be no prejudice to the Associations by having the Motion to Transfer heard on regular notice.

14. Tellingly, the Associations do not establish (or even assert in the Motion to Shorten) that any of the motion(s) at issue require the Court to enter findings that would prejudice the Associations.

15. In stark contrast, the Debtors may be irreparably prejudiced if the case does not move forward as scheduled. As this Court knows, just prior to filing their

6

Chapter 11 cases, the Debtors received an offer of $12 million from 360 Miami Hotel and Spa LLC to purchase the Debtors' assets, free and clear of liens and encumbrances pursuant to section 363 of the Bankruptcy Code, subject to higher or better offers and Bankruptcy Court approval (the "Proposed Sale"). The terms of the Proposed Sale are set forth in a Purchase and Sale Agreement, dated May 28, 2014 (the "Purchase Agreement") [docket nos. 4-1, 4-2].

16. The Purchase Agreement contemplates a non-expedited sale process. If higher or better offers are received, an auction will be conducted approximately 75 days from the Petition Date (mid August 2014).

17. Significantly, the Purchase Agreement may be terminated by the stalking horse if the sale process is delayed. The most pressing deadline under the Purchase Agreement is entry of the Bidding Procedures Order ***by June 30, 2014***. Thus, a deferred ruling on the Bidding Procedures could cause the Debtors to lose the only viable sale option currently available. As more fully set forth in the Sale Motion and the Barsanti Declaration [docket no. 2], the property has operated at a loss since the Debtors' acquired title four years ago, which losses have been borne by the Debtors, and more specifically the LBHI estate. The sale process should move forward without further delay.

[concluded on the following page]

## CONCLUSION

18. WHEREFORE, the Debtors respectfully request that the Court (a) deny the Motion to Shorten; and (b) grant such other further relief as the Court may deem proper.

Dated:   New York, New York
         June 20, 2014

                                        FL 6801 SPIRITS LLC, *et al.*
                                        Debtors and Debtors in Possession
                                        By Their Proposed Counsel
                                        TOGUT, SEGAL & SEGAL LLP
                                        By:

                                        /s/ Steven S. Flores
                                        FRANK A. OSWALD
                                        STEVEN S. FLORES
                                        LARA R. SHEIKH
                                        One Penn Plaza, Suite 3335
                                        New York, New York 10119
                                        (212) 594-5000