BROWN RUDNICK LLP
Edward S. Weisfelner
Howard S. Steel
7 Times Square
New York, New York 10036
Telephone: 212-209-4800
Facsimile:  212-209-4801

- and -

BILZIN SUMBERG BAENA PRICE & AXELROD LLP
Scott L. Baena (admitted *pro hac vice*)
Mindy A. Mora
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Telephone:  (305) 374-7580
Facsimile:  (305) 351-2242

*Co-Counsel for North Carillon Beach*
*Condominium Association, Inc., Central*
*Carillon Beach Condominium Association,*
*Inc., and South Carillon Beach*
*Condominium Association, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| FL 6801 SPIRITS LLC, *et al*., | : Case No. 14-11691 (SCC) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

---------------------------------------------------------------X

**REPLY IN SUPPORT OF**
***EX PARTE* MOTION OF NORTH CARILLON BEACH**
**CONDOMINIUM ASSOCIATION, INC., CENTRAL**
**CARILLON BEACH CONDOMINIUM ASSOCIATION,**
**INC., AND SOUTH CARILLON BEACH CONDOMINIUM**
**ASSOCIATION, INC. TO SHORTEN NOTICE WITH RESPECT**
**TO THEIR MOTION PURSUANT TO 28 U.S.C. §§ 1408 & 1412**
**AND RULE 1014 OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE TO TRANSFER CASES TO THE UNITED STATES**
<u>**DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**</u>

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................................1

REPLY ..............................................................................................................................2

    A.    There Is Ample Basis To Grant The Relief Requested In The Motion To Shorten. ...............................................................................................................2

    B.    The Motion To Transfer Should Be Heard Without Delay. ...................................3

    C.    Granting The Motion To Shorten Will Not Burden The Debtors, The Court, Or Any Other Parties In Interest. ............................................................4

    D.    The Associations Will Be Prejudiced If The Relief Requested In The Motion To Shorten Is Not Granted..................................................................5

    E.    The Debtors Will Not Be Prejudiced If The Motion To Shorten Is Granted. .........6

CONCLUSION..................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Fjord v. AMR Corporation, *et al*. (In re AMR Corporation, *et al*.),
    No. 13-01392 (Bankr. S.D.N.Y. Nov. 13, 2013) (Lane, J.) .................................................. 2

In re DesignLine Corporation,
    No. 13-12089 (Bankr. D. Del. Aug. 30, 2013) (Walrath, J.) .................................................. 3

In re Energy Future Holdings Corporation, *et al*.,
    No. 14-10979 (Bankr. D. Del. May 22, 2014) (Sontchi, J.) .................................................. 2

In re Genco Shipping & Trading Limited, *et al*.,
    No. 14-11108 (Bankr. S.D.N.Y. May 14, 2014) (Lane, J.) .................................................. 2

In re Goldking Holdings, LLC, *et al*.,
    No. 13-12820 (Bankr. D. Del. Nov. 20, 2013) (Shannon, J.) ............................................... 3

In re LandSource Communities Development, LLC, et al.,
    No. 08-11111 (Bankr. D. Del. July 14, 2008) (Carey, J.) .................................................... 6

In re River Road Hotel Partners, LLC,
    09-30029 (Bankr. N.D. Ill. Oct. 5, 2010) (Black, J.), aff'd 651 F.3d 642 (7th Cir. 2011) ........ 6

**STATUTES**

28 U.S.C. § 1408 .......................................................................................................................... 1

28 U.S.C. § 1412 .......................................................................................................................... 1

**OTHER AUTHORITIES**

Fed. R. Bankr. P. Rule 1014 ......................................................................................................... 1

Fed. R. Bankr. P. Rule 2002(a)(2) ................................................................................................ 5

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

North Carillon Beach Condominium Association, Inc., Central Carillon Beach Condominium Association, Inc. and South Carillon Beach Condominium Association, Inc. (collectively, the "Associations"), by and through their undersigned co-counsel, submit this reply memorandum in support of their Motion to Shorten[1] and respectfully represent as follows:

## PRELIMINARY STATEMENT

1. The sole objection to the Motion to Shorten filed by the Debtors[2] seeks to have it both ways to the detriment of the Debtors' key stakeholders — the residents and families that live on the Property and who face a sale of the Property that would terminate the Canyon Ranch Management Agreement and materially devalue the Unit Owners' interests in their condominium units.

2. On one hand, the Debtors claim that the Sale Motion must be heard without any delay despite the Associations' objection to the Sale Motion (the "Sale Objection") [Docket No. 52] and clear indication that the Associations are interested in submitting a higher or better bid for the Property or possibly acquiring the Property pursuant to the terms of a Chapter 11 plan.[3]

3. On the other hand, the Debtors protest that they need more time to prepare for the

---

[1] All capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the *Ex Parte Motion of North Carillon Beach Condominium Association, Inc., Central Carillon Beach Condominium Association, Inc., and South Carillon Beach Condominium Association, Inc. to Shorten Notice with Respect to Their Motion Pursuant to 28 U.S.C. §§ 1408 & 1412 and Rule 1014 of the Federal Rules of Bankruptcy Procedure to Transfer Cases to the United States District Court for the Southern District of Florida* (the "Motion to Shorten") [Docket No. 47].

[2] See *Objection to the Associations' Motion for an Order to Shorten Notice Regarding Their Motion Pursuant to 28 U.S.C. §§ 1408 and 1412 and Rule 1014 of the Federal Rules of Bankruptcy Procedure to Transfer Cases to the United States District Court for the Southern District of Florida* (the "Objection") [Docket No. 57].

[3] The Associations note that the Debtors have already continued the hearing on the Sale Motion by five days because the Debtors failed to provide proper notice of the Sale Motion to all Unit Owners as required by Constitutional due process and, upon information and belief, the Debtors have yet to properly serve notice of several motions scheduled for hearing on June 25, 2014 on numerous Unit Owners.

Motion to Transfer, relief the Debtors were well aware of prior to its filing and which does not require significant, if any, discovery or warrant additional delay. Rather, additional delay will prejudice the Associations as the Sale Motion seeks, *inter alia*, improper procedural and substantive relief pertaining to the Unit Owners' rights under their governing documents — disputes governed entirely under Florida law.

4. To prevent substantive relief on the Sale Motion from being entered prior to resolving the venue dispute at issue, the Court should hear the Motion to Transfer on shortened notice. Accordingly, the Court should overrule the Objection and enter the Proposed Order attached as **Exhibit A** to the Motion to Shorten setting the Motion to Transfer for hearing on June 25, 2014 at 10:00 a.m. (EDT), or, alternatively, hear the Motion to Transfer no later than at the Proposed Bidding Procedures hearing on June 30, 2014 at 2:00 p.m. (EDT). See Docket No. 55.

## REPLY

**A.    There Is Ample Basis To Grant The Relief Requested In The Motion To Shorten.**

5. The Debtors' attempt to portray the Motion to Shorten as requesting extraordinary relief is underwhelming. See Objection ¶ 1. Motions to shorten notice are regularly granted in bankruptcy. See, e.g., In re Genco Shipping & Trading Limited, *et al.*, No. 14-11108 (Bankr. S.D.N.Y. May 14, 2014 (Lane, J.) (granting motion to shorten notice with respect to motion to adjourn hearing on approval of plan and disclosure statement); Fjord v. AMR Corporation, *et al.* (In re AMR Corporation, *et al.*), No. 13-01392 (Bankr. S.D.N.Y. Nov. 13, 2013) (Lane, J.) (granting motion to shorten notice with respect to motion to approve settlement agreement); In re Energy Future Holdings Corporation, *et al.*, No. 14-10979 (Bankr. D. Del. May 22, 2014) (Sontchi, J.) (granting motion to shorten notice with respect to motion to strike objection to

2

motion to transfer venue).

6.     In particular, courts routinely grant motions to shorten notice with respect to motions to transfer venue prior to granting substantive relief in the case and/or to avoid duplication of efforts. See In re Goldking Holdings, LLC, *et al.*, No. 13-12820, Docket No. 52 (Bankr. D. Del. Nov. 20, 2013) (Shannon, J.) (granting motion to shorten notice with respect to motion to transfer venue where motion to shorten notice [Docket No. 47] argued that motion to transfer venue should be heard prior to the granting of substantive relief in the case); In re DesignLine Corporation, No. 13-12089, Docket No. 39 (Bankr. D. Del. Aug. 30, 2013) (Walrath, J.) (granting motion to shorten notice with respect to motion to transfer venue where motion to shorten notice [Docket No. 22] argued that shortening notice with respect to motion to transfer venue would prevent possible duplication of efforts should the cases ultimately be transferred).

7.     The Associations have made precisely the same arguments in their Motion to Shorten that the successful moving parties in Goldking and DesignLine made, namely that the Motion to Transfer should be heard before any further substantive relief is granted in the Debtors' Chapter 11 cases and to avoid duplication of efforts. See Motion to Shorten ¶¶ 10, 13. Accordingly, there is ample cause to grant the Motion to Shorten.

B.     **The Motion To Transfer Should Be Heard Without Delay.**

8.     While the Debtors have agreed not to raise the argument that "too much time has passed" as a basis to deny the Motion to Transfer, see Objection ¶¶ 3, 13, the Debtors' assertion that they need to "conduct discovery, prepare witness testimony, and file supplemental papers" before the Motion to Transfer may be heard is overblown. See Objection ¶ 9. The only alleged disputed fact proffered by and deemed relevant by the Debtors is their allegation that more than 60 percent of the Unit Owners may be "based" outside of Florida. See Objection at n.5. Although the Associations dispute this claim, whether any of the Unit Owners have additional

3

property interests located outside of Florida is irrelevant where, as here, it is undisputed that 100 percent of the Unit Owners own residences located in Florida and those residences form the primary basis for such Unit Owners' interests in these Chapter 11 cases.

9.    The cases cited by the Debtors in support of their position that the parties "require time" to conduct extensive discovery and that witness testimony may be necessary to determine the Motion to Transfer — In re Houghton Mifflin Harcourt Publ'g Co., In re Patriot Coal Corp., and In re Winn-Dixie Stores, Inc., — are wholly inapposite. These three cases all involved estates with several billions of dollars in assets and liabilities at the time of their Chapter 11 filings. The Associations submit that discovery and delay is not necessary or justified in connection with the Motion to Transfer, especially in the context of a case involving a comparatively modest $12 million stalking horse bid and where the substantial contacts to Florida compared to the slim nexus to New York is not disputed.

**C.    Granting The Motion To Shorten
Will Not Burden The Debtors, The Court, Or Any Other Parties In Interest.**

10.    The Debtors argue that hearing the Motion to Transfer on shortened notice would burden: (i) the Court, because it already has "several motions" scheduled for hearing on June 25, 2014; and (ii) other parties in interest, including the "hundreds of [Unit] [O]wners," who the Debtors claim would have insufficient time to respond to the Motion to Transfer. See Objection ¶ 10. These assertions are all wet.

11.    First, upon information and belief, the only matters currently scheduled for hearing on June 25, 2014 are uncontested. The Associations submit that hearing the Motion to Transfer on the same day would not overly burden the Court.

12.    Second, no other parties in interest would be burdened by hearing the Motion to Transfer on June 25, 2014. Indeed, no parties in interest, other than the Debtors, have opposed

4

the Motion to Shorten. Notably, the Debtors have been in possession of the Motion to Transfer for nearly a week and, prior to filing, the Associations raised the issue of the Motion to Transfer with the Debtors. Accordingly, the Debtors have had sufficient time to formulate a response to the Motion to Transfer.

13. Finally, the Associations are the governing body of the Unit Owners and, as such, the Associations' and the Unit Owners' interests are generally aligned in support of the Motion to Shorten and Motion to Transfer.

**D.    The Associations Will Be Prejudiced If The
        Relief Requested In The Motion To Shorten Is Not Granted.**

14. The Debtors save their most astonishing argument for last. The Debtors claim that none of their pending motions, including the Sale Motion, "require the Court to enter findings that would prejudice the Associations." See Objection ¶ 14. As set forth more fully in the Sale Objection, the Debtors request, by the Sale Motion, that the Court enter a series of findings with respect to the Associations' State Court Actions that would, in effect, dispose of the substance of those actions in violation of the Bankruptcy Code and the Associations' Constitutional and Florida state law rights. The proposed sale to the Stalking Horse is, in fact, predicated on the Court entering these findings. See PSA § 10(d)(vi); see also Sale Motion ¶¶ 89-106. Clearly, entry of an order approving the Proposed Bidding Procedures prior to determination of the Motion to Transfer would prejudice the Associations and would be a step backwards from a value maximizing process for these Chapter 11 cases.

E. **The Debtors Will Not Be Prejudiced If The Motion To Shorten Is Granted.**

15. The Debtors claim that they would be "irreparably harmed" if the Motion to Shorten is granted because the Stalking Horse may terminate the PSA "if the case does not move forward as scheduled." See Objection ¶¶ 15, 17.

16. However, such alleged "irreparabl[e] harm" is not a sufficient basis for denying the relief requested in the Motion to Shorten. See In re River Road Hotel Partners, LLC, 09-30029, Docket No. 462 (Bankr. N.D. Ill. Oct. 5, 2010) (Black, J.) (denying debtors' motion for entry of a bidding procedures order even though failure to enter bidding procedures order would enable stalking horse bidder to terminate sale agreement), aff'd 651 F.3d 642 (7th Cir. 2011); see also In re LandSource Communities Dev., LLC, et al., No. 08-11111, Docket No. 331 (Bankr. D. Del. July 14, 2008) (Carey, J.) (in denying entry of final DIP order, stating that "[t]he standard here is not that there is only one option available to the Debtor, and therefore the Court has to approve it. In my view such an arrangement has to be fair and reasonable under the circumstances.").

17. Moreover, the Debtors' position that a "deferred ruling on the Bidding Procedures [beyond June 30, 2014] could cause the Debtors to lose the only viable sale option" is belied by the fact that the Stalking Horse has agreed to wait up to ninety days after entry of the Bidding Procedures Order to close the proposed sale, see PSA § 10(d)(iii), and the Associations' interest in submitting a higher or better bid for the Property or possibly acquiring the Property pursuant to the terms of a Chapter 11 plan. Accordingly, granting the Motion to Shorten will not prejudice the Debtors.

6

**CONCLUSION**

WHEREFORE, the Associations respectfully request that the Court overrule the Objection and enter the Proposed Order attached as **Exhibit A** to the Motion to Shorten and grant such other and further relief as it deems just and proper.

Dated: June 23, 2014
New York, New York

**BROWN RUDNICK LLP**

By: */s/ Howard S. Steel*
Edward S. Weisfelner
Howard S. Steel
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
Telephone: (212) 209-4800

- and -

BILZIN SUMBERG BAENA PRICE &
AXELROD LLP
Scott L. Baena (admitted *pro hac vice*)
Mindy A. Mora
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Telephone:  (305) 374-7580

*Co-Counsel for the North Carillon Beach
Condominium Association, Inc.,
Central Carillon Beach Condominium
Association, Inc., and South Carillon Beach
Condominium Association, Inc.*