Peter D. Russin
James C. Moon (JM-0946)
MELAND RUSSIN & BUDWICK, P.A.
200 S. Biscayne Boulevard, Suite 3200
Miami, FL 33131
Telephone:    (305) 358-6363
Facsimile:    (305) 358-1221
PRussin@melandrussin.com

**Response Deadline:**
**September 2, 2014**

*Counsel to Katz Meltzer Construction Company and*
*Plaza Contracting Company d/b/a KM/Plaza*

**Return Date:**
**September 9, 2014**
**at 10:00 a.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FL 6801 SPIRITS LLC, *et al.*, | CASE NO. 14-11691 (SCC) |
| Debtors. | (Jointly Administered) |

**KATZ MELTZER CONSTRUCTION COMPANY AND**
**PLAZA CONTRACTING COMPANY D/B/A KM/PLAZA'S**
**MOTION FOR RELIEF FROM STAY**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Katz Meltzer Construction Company and Plaza Contracting Company d/b/a KM/Plaza

(**"KMP"**), pursuant to 11 U.S.C. § 362, Fed. R. Bankr. P. 4001, and LBR 4001-1, moves for

relief from the automatic stay (the **"Motion"**), and states as follows:

**PRELIMINARY STATEMENT**

Prior to filing this case, KMP held a construction lien against property owned by debtor,

FL-6801 Collins North, LLC (**"FL-6801"**). Because the debtor disputed the amounts due to

KMP, litigation ensued, but the lien hindered FL-6801's ability to operate its business. As such,

the parties agreed to a release of the lien in exchange for FL-6801's deposit of the claimed

indebtedness in KMP's attorneys' trust account. Litigation continued in order to determine the indebtedness, and by extension, the parties' entitlement to the escrowed funds. FL-6801's filing of the voluntary petition stayed the state-court litigation. KMP requests the court modify the stay to allow the state-court litigation to proceed. The state-court proceeding is not closely related to this bankruptcy proceeding, and cause exists for modifying the stay.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are 11 U.S.C. § 362 and Fed. R. Bankr. P. 4001.

## BACKGROUND

4.      FL-6801 Collins North, LLC, a Delaware limited liability company, is a debtor-in-possession pursuant to 11 U.S.C. § 1107, having filed a voluntary petition (the *"Petition"*) for relief under chapter 11 of title 11 of the United States Code. The case is jointly administered as *In re FL-6801 Spirits, LLC*, Case No. 14-11691 (SCC) (the *"Bankruptcy Case"*).[1]

5.      KMP is a joint venture between Katz Meltzer Construction Company, a Florida corporation, and Plaza Contracting Company, LLC, a Delaware limited liability company. KMP was the general contractor for the renovation of North Carillon Beach, a Condominium, a/k/a Canyon Ranch, located at 6801 Collins Avenue, Miami Beach, Florida, more particularly described as:

---

[1] The debtors consist of the following entities: FL 6801 Spirits LLC, FL 6801 Collins North LLC, FL 6801 Collins Central LLC, FL 6801 Collins South LLC (collectively the *"Debtors"*).

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5514/5514-1/01473639.DOC.}

> NORTH CARILLON BEACH, A CONDOMINIUM, according to the Declaration of Condominium thereof, recorded August 27, 2008 in Official Records Book 26542, Page 15 of the public records of Miami-Dade County, Florida

(the *"Project"*).

6.    FL-6801 is a subsidiary of Lehman Brothers Real Estate, Inc. (*"Lehman"*). Lehman was the construction lender for the Project. North Carillon, L.L.C., a Florida limited liability company, (*"North Carillon"*) was the original developer of the Project.

7.    On August 29, 2006, North Carillon and KMP entered into a written contract for construction management services to develop the Project (the *"Contract"*). A copy of the Contract is attached as Exhibit A to KMP's Amended Complaint, which is attached hereto as Exhibit "I."[2]

8.    By June 26, 2009, KMP had substantially completed and delivered its last work to the Project. By then North Carillon had defaulted on its construction loan to Lehman.

9.    On August 5, 2009, Lehman formed FL-6801 specifically to take back title to the Project in lieu of foreclosure.

10.    On September 17, 2009, KMP filed its construction lien against the Project in the sum of $2,876,480.01. KMP's construction lien was comprised of monies due to unpaid subcontractors in the sum of $2,339,000.57, and monies due to KMP for construction management services in the sum of $537,479.44.

11.    On November 20, 2009, North Carillon conveyed the Project to FL-6801 by deed in lieu of foreclosure. By acquiring the Project, FL-6801 stepped into the shoes of North Carillon, and acquired all of the rights and assumed all of the obligations of North Carillon under the Contract.

---

[2] Other than the Contract, all other exhibits to the Amended Complaint are omitted.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5514/5514-1/01473639.DOC.}

12.      On June 2, 2010, KMP filed suit against North Carillon, FL-6801, and various transferees of units in the Project. *See KM/Plaza v. North Carillon, L.L.C., et al.*, Miami-Dade County Circuit Court, Case No. 10-31272 CA-11 (the ***"State Case"***). In the State Case, KMP asserted claims for breach of contract and foreclosure of the construction lien. KMP sought damages in the amount of its construction lien, plus attorney's fees and costs pursuant to both Chapter 713, Florida Statutes, and the Contract.

13.      After mediation and extensive negotiations between the parties that did not resolve the State Case, on May 31, 2013, the parties to State Case entered into a written stipulation (the ***"Stipulation"***) to streamline and move the State Case forward. A copy of the Stipulation is attached hereto as Exhibit "II." Pursuant to the Stipulation:

a.   The individual transferees of units in the Project were dismissed from the State Case;

b.   North Carillon was dismissed from the State Case;

c.   FL-6801 agreed to step into the shoes of North Carillon with respect to the Contract;

d.   KMP released the Project from its construction lien, and dismissed its claim to foreclose the construction lien;

e.   FL-6801 deposited into escrow with KMP's counsel the sum of $1,731,449.25 (the ***"Escrow Fund"***) as security for the payment of monies ultimately determined to be due to KMP under the Contract;

f.   KMP obtained an express contract lien on the Escrow Fund; and

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363
{Firm Clients/5514/5514-1/01473639.DOC.}

g.  the parties agreed that KMP would amend its complaint in the State Case to implead various subcontractors who were implicated in FL-6801's counterclaim for construction defect.

14.  On Jun 24, 2013, KMP its amended complaint and third-party complaint filed in the State Case (collectively the ***"Amended Complaint"***).

15.  The initial amount of the Escrow Fund was significantly less than the amount of KMP's original construction lien because, between their respective dates of establishment, FL-6801 settled with a few of the major unpaid subcontractors of the Project including, but not limited to, the glazing subcontractor, BCI, Inc.

16.  On June 1, 2014 (the "Petition Date"), FL-6801 filed the Petition, staying the State Case.

17.  As of the Petition Date, the balance of the Escrow Fund was $1,583,636.00. A copy of the April 30, 2014 statement is attached as Exhibit "III."

18.  As set forth above, pursuant to the Stipulation KMP, released its lien, and FL-6801 deposited the Escrow Fund, to be held in escrow pending a resolution of the dispute among the parties. Specifically, escrow counsel is required to hold the Escrow Fund and disburse the same ONLY upon (a) the execution of a written settlement agreement as to the disposition of the funds; or (b) the entry of a final, non-appealable judgment directing the disposition of the Escrowed Funds.

## RELIEF REQUESTED

19.  By this Motion, KMP seeks an order granting it relief from stay to liquidate the claim in the State Case, through judgment, and to pursue collection **only** from the Escrow Fund. The Debtors have not yet decided if they oppose the relief requested.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5514/5514-1/01473639.DOC.}

## BASIS FOR RELIEF REQUESTED

20.     Relief from the automatic stay must be granted if cause exists for modifying the stay. 11 U.S.C. § 362(d)(1). When there are conflicting claims as to an amount held in escrow, cause exists to modify the automatic stay to pursue the escrow deposit.[3] *In re 7710 SW 59th Court, LLC*, 09-18440-BKC-AJC, 2009 WL 1530701 (Bankr. S.D. Fla. May 28, 2009). Generally speaking, in determining whether cause exists, courts in this circuit consider

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgement claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Sonnax Industries, Inc. v. Tri Component Corp.*, 907 F.2d 1280, 1286 (2d Cir.1990). "Only those factors relevant to a particular case need by considered, . . . and the Court need not assign them equal weight." *In re Helen Touloumis*, 170 B.R. 825, 828 (Bankr.S.D.N.Y.1994).

---

[3] Any question related to the stipulated Escrow Fund is determined by Florida law. *Stipulation,* ¶ 11. The Eleventh Circuit has held that under Florida law, funds placed in escrow by the debtor for the benefit of others are not property of the estate pursuant to 11 U.S.C. § 541. *Scanlon v. NASD (In re Scanlon)*, 239 F.3d 1195, 1198 (11th Cir. 2001); *see also In re Expert S. Tulsa, LLC*, 456 B.R. 84, 87 (Bankr. D. Kan. 2011) (holding that characterizing the deposit as property of the estate "would convert a debtor's contingent right to the funds to a non-contingent right"); *Matter of Carousel Int'l Corp.*, 89 F.3d 359, 362 (7th Cir. 1996) ("When the estate stakes a claim, the property of the estate is just that: a claim of ownership. The estate's property does not include the thing to which it lays claim until the matter is adjudicated or resolved by the parties."); *In re Atl. Gulf Communities Corp.*, 369 B.R. 156, 164 (Bankr. D. Del. 2007) (the "Court agrees . . . that an escrow into which a debtor puts its property . . . is not property of the estate").

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5514/5514-1/01473639.DOC.}

21.     Here, KMP asserts that factors (1), (2), (6), (7), (10), (11) and (12) are applicable. As to the first factor, whether relief would result in a partial or complete resolution of the issues, completing the litigation in state court would allow a single forum to determine not just who is entitled to the amount held in the Escrow Fund, but the amount by which KMP's damages exceed the escrow amount (which would liquidate the unsecured portion of KMP's claim in the Bankruptcy Case).

22.     With respect to the second factor, the lack of any connection with or interference with the bankruptcy case, the State Case has no connection with the bankruptcy proceeding. The majority of the amount to which KMP is entitled will be paid out of the Escrow Fund, not the pool to be paid to unsecured creditors pursuant to a plan of reorganization. The only connection to the Bankruptcy Case is that, to the extent FL-6801 is adjudged to be entitled to a portion of the Escrow Fund, those funds would become part of the estate, and would be available for distribution.[4]

23.     Factors (6) and (7), whether the action primarily involves third parties and whether litigation in another forum would prejudice the interests of other creditors, also weigh in favor of modifying the stay. As set forth above, the majority of claims at issue involve claims by subcontractors against KMP, for which FL-6801 is ultimately liable.[5] These subcontractors are not parties to the Bankruptcy Case, but allowing the State Case to go forward would result in a complete adjudication of all issues among the parties, including the subcontractors.

---

[4] As of the filing of this Motion, KMP has not yet filed a proof of claim. This is an action which could not have been commenced in a court of the United States absent jurisdiction under 28 U.S.C. § 1334(b). Accordingly, mandatory abstention applies. KMP has not briefed the issue because it anticipates filing a proof of claim, and agrees that the matter would be fully determined by ruling on the proof of claim. For the reasons set forth herein, however, although the Court has the power to adjudicate the claims raised in the state case, relief from stay is more appropriate.

[5] This is the subject of the third-party-complaint.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363
{Firm Clients/5514/5514-1/01473639.DOC.}

24. Finally, factors (10), (11), and (12)[6] also weigh in favor of relief from stay. The case has been pending in Florida for approximately four years. All of the relevant facts occurred in Florida, and all of the witnesses are located in Florida. In fact, the impetus for KMP to release its lien in exchange for the deposit of the Escrow Fund was to allow the parties to litigate the issues in state court without affecting FL-6801's (or KMP's) business. Simply put, proceeding with the litigation in the Florida state court is in the interest of both the Debtor and KMP.

**NOTICE**

25. Notice of this Motion has been provided by electronic transmission, overnight delivery, or hand delivery to: (i) the Office of the U.S. Trustee for Region 2, Attn: William K. Harrington, Esq. and Susan D. Golden, Esq., U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014; (ii) the Debtors' Secured Lender, PAMI ALI LLC, c/o Weil, Gotshal & Manges LLP, Attn: Jacqueline Marcus, Esq., 767 Fifth Avenue, New York, New York 10153; (iii) CR Miami, LLC, Attn: Jerry Cohen and Gary Milner, 8600 East Rockcliff Road, Tucson, Arizona 85750; W. James Harrison, Esq., W.J. Harrison & Associates, P.C., 3561 East Sunrise, Suite 201, Tucson, Arizona 85718 (counsel to CR Miami, LLC); (iv) the core 2002 service list; and (iv) any parties having filed a notice of appearance in these Chapter 11 Cases. KMP submits that, under the circumstances, no other or further notice is necessary.

---

[6] (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

**WHEREFORE**, KMP requests the Court enter an order (1) granting it relief from stay to liquidate the claim in the State Case, through judgment, and to pursue collection **only** from the Escrow Fund; and (2) granting such other and further relief as is just and appropriate.

Dated: August 8, 2014.

Respectfully submitted,

MELAND RUSSIN & BUDWICK, P.A.

By:    /s/ Peter D. Russin
        Peter D. Russin (admitted *pro hac vice)*
        James C. Moon (JM-0946)
        MELAND RUSSIN & BUDWICK, P.A.
        200 S. Biscayne Blvd, Suite 3200
        Miami, FL 33131
        Telephone:    (305) 358-6363
        Facsimile:    (305) 358-1221
        prussin@melandrussin.com

        *Counsel to Katz Meltzer Construction Company*
        *and Plaza Contracting Company d/b/a KM/Plaza*

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5514/5514-1/01473639.DOC.}