| | |
|---|---|
| TOGUT, SEGAL & SEGAL LLP<br>One Penn Plaza<br>Suite 3335<br>New York, New York 10119<br>(212) 594-5000<br>Albert Togut<br>Frank A. Oswald<br>Lara R. Sheikh<br>Samantha J. Rothman | PRESENTMENT DATE: November 10, 2014 at 12:00 Noon<br>OBJECTION DEADLINE: November 10, 2014 at 11:30 a.m. |

Counsel to the Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
FL 6801 SPIRITS LLC, *et al.*, : Case No. 14-11691 (SCC)
: 
Debtors. : (Jointly Administered)
: 
---------------------------------------------------------------x

**DEBTORS' MOTION FOR AN ORDER FURTHER EXTENDING
THE PERIOD WITHIN WHICH THE DEBTORS MAY
REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND
FEDERAL RULES OF BANKRUPTCY PROCEDURE 9006 AND 9027**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

      The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[1] by their attorneys, Togut, Segal & Segal LLP, submit this motion (the "Motion") for an order further extending the time within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors are: FL 6801 Spirits LLC ("Spirits"), FL 6801 Collins North LLC ("6801 North"), FL 6801 Collins Central LLC ("6801 Central"), FL 6801 Collins South LLC ("6801 South," together with 6801 North and 6801 Central, the "Collins Subsidiaries").

## BACKGROUND

1. On June 1, 2014 (the "Petition Date"), each of the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtors continue to manage and operate their businesses as debtors in possession under Bankruptcy Code sections 1107 and 1108. As of the date hereof, no committee of unsecured creditors has been appointed in these Chapter 11 Cases.

3. The events leading up to the Petition Date are set forth in the Declaration of Anthony Barsanti submitted in accordance with Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York in support of the Debtors' Chapter 11 petitions (the "Barsanti 1007 Declaration"), which was filed with the Court

4. In short, before the Debtors commenced these Chapter 11 cases, the Collins Subsidiaries (for convenience hereafter, referred to as the Debtors) pursued a sale of the Debtors' interest in the luxury full-service, ocean front condominium hotel located at the site of the old Carillon Hotel in Miami Beach, Florida (the "Property"). An extensive marketing process was led by CBRE, Inc. ("CBRE"), a national real estate brokerage company having a comprehensive hospitality practice. A contract purchaser was found but exercised its right to terminate its signed purchase agreement with the Debtors after the commencement of state court litigations filed by the North Carillon Beach Condominium Association, Inc., Central Carillon Beach Condominium Association, Inc., and South Carillon Beach Condominium Association, Inc. (the "Associations") in February 2014 (the "Association Litigations"). Subsequently, the Debtors negotiated with the Associations for their potential purchase of the Property but with no success.

5.  Also prior to the Petition Date, on June 2, 2010, a former contractor for the Property, Katz Meltzer Construction Company and Plaza Contracting Company d/b/a KM/Plaza ("KM/Plaza"), filed suit against 6801 North and others in the matter *KM/Plaza v. North Carillon, L.L.C., et al.*, Miami-Dade County Circuit Court, Case No. 10-31272 CA-11 (the "KM/Plaza State Court Action"). KM/Plaza asserts that it held a construction lien for services rendered pursuant to a construction management services contract and claims for breach of contract and foreclosure of the construction lien; and seeks damages in the amount of its construction lien, plus attorney's fees and costs pursuant to Chapter 713 of the Florida Statutes, and the contract. 6801 North filed an answer and asserted counterclaims in the KM/Plaza State Court Action for both breach of contract and breach of warranty.

6.  After a mediation and extensive negotiations, KM/Plaza agreed to a release of the construction lien in exchange for 6801 North's deposit into escrow the sum of $1,731,449.25 (the "KM Escrow Fund") as security for the amount, if any, ultimately determined to be due in the KM/Plaza State Court Action.

7.  In light of the Property's continuing losses, the Debtors, with CBRE's assistance, received an offer from 360 Miami Hotel and Spa LLC (the "Stalking Horse"), an operator of award-winning luxury resort and spa facilities. 360 Miami made a $12 million "stalking horse" bid for the Debtors' interest in the Property, subject to certain findings confirming the Debtors' rights under the Declarations that govern the Property, which rights have been challenged by the Association Litigations.

8.  On the Petition Date, the Debtors filed a motion (the "Sale Motion") seeking approval of the sale of substantially all of their assets to the Stalking Horse, subject to higher or better offers (the "Sale") upon the terms set forth in that certain stalking horse Purchase and Sale Agreement, dated May 28, 2014 [Docket No. 4] (the

3

"Stalking Horse PSA"), and for approval of bidding and auction procedures (the "Bidding Procedures") in connection with the Sale.

9. The Associations have appeared by counsel, Brown Rudnick, and have been very active in these cases, including by filing a Motion to Transfer Venue to the United States District Court for the Southern District of Florida on June 17, 2014 [Docket No. 46] (the "Venue Motion"); and an objection to the Bidding Procedures (the "Bidding Procedures Objection") and preliminary objection to the Sale on June 19, 2014 [Docket No. 52] (the "Preliminary Objection").

10. On July 1, 2014, following negotiations between and among the Debtors, the Associations, and the Stalking Horse regarding changes to the proposed Bidding Procedures, the Court signed an order, with the consent of the Associations, approving, *inter alia*, bidding procedures and bid protections in connection with the Sale and scheduling the date and time for the submission of higher or better offers, an auction and the sale hearing [Docket No. 77] (the "Bidding Procedures Order").

11. By Order dated July 22, 2014 this Court fixed September 12, 2014 at 5:00 P.M. Eastern Time as the bar date for the filing of prepetition claims against the Debtors. [Docket No. 91].

12. By motion dated July 23, 2014 [Docket No. 92], the Debtors filed a motion for an order extending the time within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006 and 9027 to October 31, 2014 (the "First Removal Motion").

13. On July 30, 2014, the Debtors filed their respective Schedules of Assets and Liabilities and Statement of Financial Affairs [Docket No. 95].

14. On August 8, 2014, KM/Plaza filed a motion for relief from the stay ("KM/Plaza Stay Relief Motion") [Docket No. 101] requesting the Court modify the

4

stay under Bankruptcy Code section 362 to allow a KM/Plaza State Court Action to proceed. The KM/Plaza Stay Relief Motion has been adjourned to November 24, 2014, while the Debtors and KM/Plaza discuss a potential consensual resolution that would allow the alleged liability, if any, to be satisfied from the KM Escrow Fund.

15. By Order dated August 11, 2014, this Court granted the First Removal Motion (the "Removal Order"). [Docket No. 103].

16. Pursuant to the Bidding Procedures Order, on August 19, 2014, the Debtors conducted an auction for the sale of their interests in the Property (the "Auction"). At the Auction, seven Qualified Bidders competed in several rounds of spirited bidding which resulted in all-cash high bids of $21.6 million and $21.5 million from Z Capital Partners, LLC ("Z Capital") and North Beach Development, LLC ("North Beach"), respectively, and a lower cash bid of $19 million (subject to a $2 million credit and other conditions) by the Associations' designated bidder, 6801 Collins Hotel, LLC ("6801 Collins").

17. On August 25, 2014, the Debtors declared Z Capital to be its winning bidder for the auction. Additionally, on August 25, 2014, the Associations served the Debtors and multiple third parties, including Z Capital and North Beach, with extensive discovery, including 87 document requests and notices for the depositions of 17 individuals (the "Associations' Discovery") in connection with the Sale and the Auction.

18. On August 26, 2014, the Associations filed a supplemental objection to the Sale [Docket No. 120] (the "Associations' Supplemental Objection," together with the Preliminary Sale Objection, the "Associations' Objection"). On the same day, 6801 Collins also filed an objection to the Sale [Docket No. 121] (the "6801 Collins Objection," together with the Associations' Objection, the "Sale Objections"). The Sale Objections

5

argue, *inter alia*, that the Auction was unfair and that the Debtors should have selected the 6801 Collins bid as the Successful Bid.

19. On August 27, 2014, the Court held a status conference (the "August 27 Conference") with respect to the Sale, the Sale Objections, and the Associations' Discovery. At the August 27 Conference, the Court encouraged the Debtors and the Associations to work toward a consensual resolution of the Sale Objections and these Chapter 11 cases. The Court scheduled a further status conference for September 12, 2014 (the "September 12 Conference").

20. Subsequently, the Associations filed a flurry of additional motions. On September 9, 2014, the Associations filed a Motion for Entry of an Order: (i) Finding That the Proposed Sale Cannot be Consummated Free and Clear of the Florida Lawsuits Pursuant to 11 U.S.C. §§ 105 and 363, or in the alternative, (ii) Abstaining from Adjudicating Declaratory Relief Requested in Florida Lawsuits Pursuant to 28 U.S.C. § 1334 and to Lift the Automatic Stay to Pursue the Declaratory Relief Sought in the Florida Lawsuits Pursuant to 11 U.S.C. § 362 (the "Abstention Motion") [Docket No. 132].

21. On September 10, 2014, the Debtors filed their Reply to the Sale Objections [Docket No. 134] (together, the "Debtors' Sale Reply").

22. On September 11, 2014 the Associations filed a Motion for Entry of an Order: (i) Appointing a Trustee Pursuant to Bankruptcy Code Section 1104(a), or Alternatively, (ii) Appointing an Examiner Pursuant to Bankruptcy Code Section 1104(c) and Terminating the Debtors Exclusivity Period Pursuant to Bankruptcy Code Section 1121(d) (the "Trustee/Examiner Motion") [Docket No. 135].

23. At the September 12 Conference, the Court urged the Debtors to continue discussions with the Associations concerning a resolution of the Sale Objections for a consensual plan process.

24. On September 29, 2014, the Debtors filed a motion for an order extending the period during which the Debtors have the exclusive right to: (i) file a Chapter 11 plan through and including December 1, 2014 and (ii) solicit acceptances thereof through and including February 2, 2015 (the "Exclusivity Motion") [Docket No. 143]. No objections were made to the Exclusivity Motion. By Order dated October 7, 2014, the Bankruptcy Court extended the initial Filing Period and the Solicitation Period through December 1, 2014 and February 2, 2015, respectively [Docket No. 156].

25. The Debtors are continuing discussions with the Associations on a consensual plan process and expect to conclude those discussions in the next days. If a settlement is reached, the Debtors expect to seek this Court's approval of same, and thereafter file a Chapter 11 plan. The Debtors anticipate that such a plan would be substantially consummated in January 2015. If a settlement with the Associations is not reached and approved by this Court, the Debtors anticipate that they will seek to sell the Property to Z Capital.

## JURISDICTION AND VENUE

26. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. § 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O). The relief requested herein is based on 28 U.S.C. § 1452 and Bankruptcy Rules 9027 and 9006.

7

**RELIEF REQUESTED**

27. By this Motion, the Debtors request the entry of an order, pursuant to Bankruptcy Rule 9006(b), further extending the time within which the Debtors may file notices of removal with respect to the civil actions pending against the Debtors as of the Petition Date. Pursuant to the Removal Order, the Debtors' time to exercise its rights of mandatory removal expires on October 31, 2014 (the "Removal Deadline"). The Debtors are seeking an extension of the Removal Deadline up to and including January 15, 2015.

28. The Debtors request that the Removal Deadline apply to all matters specified in Bankruptcy Rule 9027(a)(2)(A), (B) and (C), including all litigations to which the Debtors are currently a party (collectively, the "Pre-petition Actions"). The Pre-petition Actions involve three (3) current litigations, comprised of the Association Litigations[2] and the KM/Plaza State Court Action. A schedule of the Pre-petition Actions is annexed hereto and made a part hereof as Exhibit "1."[3]

**STATUTORY BASIS FOR THE REQUESTED RELIEF**

29. 28 U.S.C. § 1452 and Bankruptcy Rule 9027 govern the removal of pending civil actions. Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or

---

[2] The "Association Litigations" consist of: *North Carillon Beach Condominium Association, Inc., vs. FL 6801 Collins North LLC, FL 6801 Collins South LLC, FL 6801 Collins Central LLC and W Capital Group, LLC,* Case No. 14-004356 CA (04), pending in the Circuit Court in and for Miami-Dade County, Florida, and *Central Carillon Beach Condominium Association, Inc., South Carillon Beach Condominium Association, Inc. v. FL 6801 Collins Central LLC, Carillon Hotel and Spa Master Association, Inc., North Carillon Beach Condominium Association, Inc.,* Case No. 2014-5408-CA (25), pending in the Circuit Court in and for Miami-Dade County, Florida.

[3] The Debtors expressly reserve their right to revise/supplement the list of Pre-petition Actions identified on Exhibit "1."

> regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

30. Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

31. Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Debtors' removal period, in the event an application is made prior to the expiration of the applicable period:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).

## THE REQUESTED RELIEF SHOULD BE GRANTED

32. Since the First Removal Motion, the Debtors have made substantial progress in their negotiations with the Associations. The Debtors' effort thus far toward responding to, and working with, the Associations have included, *inter alia:*

9

- Negotiations with the Associations regarding a global settlement of all claims and litigation that would be the foundation for a consensual Chapter 11 plan;

- Responding to the Venue Motion (which was withdrawn on the eve of the Debtors' objection deadline);

- Responding to and negotiating a consensual resolution of the Associations' Bidding Procedures Objection; and

- Negotiating a potential consensual resolution of the Sale Objections, the Abstention Motion; the Trustee/Examiner Motion; and broad formal and informal discovery demands served by the Associations on the Debtors and multiple parties in interest in the Chapter 11 cases.

33. Additionally, with respect to the KM/Plaza State Court Action, the Debtors and KM/Plaza are in discussions concerning a potential consensual resolution of the KM/Plaza Stay Relief Motion, which has been adjourned to November 24, 2014.

34. While substantial progress has been made, the Debtors are not able to determine with certainty at this time whether it is in the estates' best interests to remove any or all of the Pre-petition Actions. Accordingly, this Motion seeks to preserve the status quo through January 31, 2015.

35. This Court is authorized to grant the relief requested herein. *See Raff v. Gordon* 58 BR. 988 (Bankr. B.D. Pa. 1986) (stating that period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *see also Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)* 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (time period in which removal action may be filed may be extended pursuant to Bankruptcy Rule 9006).

36. The extension of the Removal Deadline will afford the Debtors an opportunity to make fully-informed decisions concerning removal of each of the Pre-petition Actions and will assure that the Debtors do not forfeit valuable rights under 28 U.S.C. § 1452 and Bankruptcy Rule 9072.

10

37. The Debtors submit that their request to extend the Removal Deadline up to and including January 15, 2015 is reasonable and practical in light of the present posture of these Chapter 11 cases.

38. Accordingly, the Debtors respectfully submit that the relief sought in this Motion is in the best interest of the Debtors and their estates.

## **NOTICE**

39. Notice of this Motion has been provided by either facsimile, electronic transmission, overnight delivery, or hand delivery to: (i) the Office of the United States Trustee for Region 2, Attn: Susan D. Golden, Esq., U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014; (ii) the Debtors' Secured Lender, PAMI ALI LLC, c/o Weil, Gotshal & Manges LLP, Attn: Jacqueline Marcus, Esq., 767 Fifth Avenue, New York, New York 10153; (iii) counsel for the Associations, Brown Rudnick LLP, Seven Times Square, New York, New York 10036, Attn: Edward Weisfelner, Esq.; (iv) the parties identified on Exhibit "1"; and (v) any parties having filed a notice of appearance in these Chapter 11 Cases. The Debtors submit that, under the circumstances, no other or further notice is necessary.

**WHEREFORE**, the Debtors respectfully request that the Court enter the order, substantially in the form attached hereto as Exhibit "2," further extending the period within which the Debtors may remove the Pre-petition Actions pursuant to 28 U.S.C. § 1452 through and including January 15, 2015, without prejudice to the Debtors' rights to seek further extensions of the deadline and granting such other relief as the Court deems just and proper.

DATED:   New York, New York
         October 22, 2014

                                        FL 6801 SPIRITS LLC, *et al.*
                                        Debtors and Debtors in Possession
                                        By their Counsel,
                                        TOGUT, SEGAL & SEGAL LLP
                                        By:

                                        /s/ Frank A. Oswald
                                        FRANK A. OSWALD
                                        LARA R. SHEIKH
                                        One Penn Plaza, Suite 3335
                                        New York, New York 10119
                                        (212) 594-5000