```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                              :
In re:                                        :         Chapter 11
                                              :
FL 6801 SPIRITS LLC, et al.,                  :         Case No. 14-11691 (SCC)
                                              :
                    Debtors.                  :         (Jointly Administered)
                                              :
---------------------------------------------------------------X
```

### ORDER (I) APPROVING ADEQUACY OF DISCLOSURE STATEMENT AND (II) CONFIRMING LIQUIDATING PLAN OF FL 6801 SPIRITS LLC AND ITS AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

FL 6801 Spirits LLC; FL 6801 Collins North LLC; FL 6801 Collins Central LLC; and FL 6801 Collins South LLC, the debtors and debtors in possession herein (each a "Debtor" and "Plan Proponent", and collectively, the "Debtors" or the "Plan Proponents"), having filed the *Liquidating Plan of Fl 6801 Spirits LLC and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code*, dated April 13, 2015 (the "Plan") [Docket No. 309] in accordance with section 1121 of title 11 of the United States Code (the "Bankruptcy Code"), and the related Disclosure Statement (the "Disclosure Statement")[1] [Docket No. 310]; and the Court having approved the *Order (I) Scheduling Combined Hearing on Adequacy of Disclosure Statement and Confirmation of Plan, (II) Establishing Procedures for Objecting to Disclosure Statement and Plan, and (III) Approving Form, Manner, and Sufficiency of Notice of Combined Hearing* (the "Combined Hearing

---

[1] All capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Plan and/or the Disclosure Statement. In the event of any conflict between the Plan and the Disclosure Statement, the Plan shall control.

Order") [Docket No. 314], which, *inter alia*, scheduled May 20, 2015 at 2:00 p.m. as the date for the hearing to consider adequacy of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing"); and service of the Confirmation Package and notice of the Combined Hearing having been made in compliance with the Combined Hearing Order as evidenced by the Affidavit of Service of Jordan D. Searles, dated April 22, 2015, and filed with the Bankruptcy Court [Docket No. 318]; and no objections or responses having been filed as to either the adequacy of the Disclosure Statement or Confirmation of the Plan; and the U.S. Trustee having provided comments to the Plan, which have been incorporated therein and is annexed hereto as Exhibit "A"; and the Combined Hearing having been held as scheduled on May 20, 2015; and notice of the Combined Hearing being deemed good and sufficient notice; and upon the entire record of these bankruptcy cases, including, without limitation, the record made at the Combined Hearing; and after due deliberation and good and sufficient cause appearing therefor, it is hereby **DETERMINED, FOUND, ADJUDGED, AND DECREED:**

    1.  The findings and conclusions set forth herein and in the record of the Combined Hearing constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. The provisions of the Plan and this Order (the "Confirmation Order"),

2

including the findings of fact and conclusions of law, are non-severable and mutually dependent.

2. The Bankruptcy Court has jurisdiction over these bankruptcy cases pursuant to 28 U.S.C. §§ 157(a) and 1334(a). Venue of these proceedings and these bankruptcy cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan and approval of the Disclosure Statement are core proceedings pursuant to 28 U.S.C. § 157(b), and thus this Bankruptcy Court has jurisdiction to enter a final order with respect thereto. The Debtors are eligible debtors under section 109 of the Bankruptcy Code. The Debtors are proper plan proponents under section 1121(a) and (c) of the Bankruptcy Code.

3. The Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Cases, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases.

4. The Plan Proponents have the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence. The Plan Proponents have met such burden.

5. The Disclosure Statement contains "adequate information," as such term is defined in section 1125(a)(1) of the Bankruptcy Code, with respect to the Debtors, the Plan, and the transactions contemplated therein, and is approved in all respects.

6. Due, timely, sufficient and adequate notice of the Plan and Disclosure Statement, the Combined Hearing, and the deadlines for filing objections to the Plan and Disclosure Statement have been given to all known holders of Claims or Interests and other parties in interest in accordance with the Combined Hearing Order, the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court and all other applicable laws, rules and regulations. No other or further notice is required.

7. The classification scheme of Claims and Interests in the Plan is reasonable and complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code. Claims or Interests in each particular Class are substantially similar to other Claims contained in such Class.

8. As required by and in compliance with sections 1123(a)(1), (a)(2) and (a)(3) of the Bankruptcy Code, the Plan: (a) identifies the Classes of Claims against the Debtors; (b) specifies the Classes of Claims that are not Impaired under the Plan; and (c) specifies the treatment of each Class of Claims under the Plan.

9. Consistent with section 1123(a)(4) of the Bankruptcy Code, the Plan provides the same treatment for each Claim in a particular Class, unless a holder of Claim has agreed with the Debtors to a less favorable treatment.

10. As required by section 1123(a)(5) of the Bankruptcy Code, the Plan contemplates adequate means for its execution and implementation.

11. The Plan is a liquidating Plan and the Debtors will not be issuing equity securities. Therefore, section 1123(a)(6) of the Bankruptcy Code is inapplicable in these bankruptcy cases.

12. In conjunction with section 1123(a)(7) of the Bankruptcy Code, the Plan provides that Lehman Brothers Holdings, Inc. ("LBHI"), will become the Plan Administrator. The designation of LBHI as Plan Administrator is consistent with the interests of holders of Claims and Interests and public policy.

13. Consistent with section 1123(b) of the Bankruptcy Code, the Plan provides for: (a) substantive consolidation for Plan purposes, and (b) injunctive relief and exculpation of certain parties. Each of these provisions of the Plan is consistent with section 1123(b) of the Bankruptcy Code and is permissible under applicable law.

14. No Classes of Claims are Impaired under the Plan. Consequently, there was no need to solicit votes to accept or reject the Plan in accordance with sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018.

15. As required by section 1129(a)(1) of the Bankruptcy Code, the Plan complies with all applicable provisions of the Bankruptcy Code.

16. As required by section 1129(a)(2), the Plan Proponents have complied with all of the applicable provisions of the Bankruptcy Code, including, without limitation, the disclosure requirements of sections 1125 and 1126 of the Bankruptcy Code.

17. As required by section 1129(a)(3), the Plan has been proposed in good faith and not by any means forbidden by law. The Plan Proponents have valid

and legitimate business reasons for proposing the Plan. The Plan Proponents' good faith is evident from the facts and record of these Chapter 11 Cases, the Disclosure Statement, and the record of the Combined Hearing and other proceedings held in these Chapter 11 Cases.

18. As required by section 1129(a)(4) of the Bankruptcy Code, any payment made or to be made by the Debtors for services or for costs and expenses in connection with these bankruptcy cases, or in connection with the Plan, other than those incurred in the ordinary course of business, has been approved, or is subject to approval of, this Bankruptcy Court, as reasonable. Each Professional who holds or asserts a Professional Fee Claim for services provided through the Effective Date is required to file such claim no later than 45 days after the Effective Date.

19. In accordance with section 1129(a)(5)(A) of the Bankruptcy Code, Article V(M) of the Plan identifies LBHI as the Plan Administrator, and such appointment is consistent with the interests of creditors and equity security holders and with public policy.

20. Section 1129(a)(6) of the Bankruptcy Code is inapplicable because the Debtors are winding down their affairs and not charging rates that are subject to any regulatory approval.

21. Section 1129(a)(7) of the Bankruptcy Code is inapplicable because there are no impaired classes under the Plan.

22. The requirements of section 1129(a)(8) of the Bankruptcy Code are satisfied with respect to Classes 1, 2 , 3, and 4, each of which is deemed to accept the Plan. The Plan is fair and equitable with respect to Classes 1, 2, 3 and 4.

23. The Plan provides for the treatment of Allowed Administrative Claims, Allowed Priority Tax Claims and Allowed Non-Tax Priority Claims pursuant to sections 507(a) of the Bankruptcy Code, in accordance with section 1129(a)(9) of the Bankruptcy Code, except to the extent that the holder of a particular Claim has agreed in writing to less favorable treatment.

24. Section 1129(a)(10) of the Bankruptcy Code is inapplicable because Classes 1, 2, 3, and 4 are deemed to have accepted the Plan, and there are no impaired classes under the Plan.

25. The Plan Proponents have established that the Plan is feasible. On and after the Effective Date, the Plan Administrator will be able to satisfy the Debtors' financial obligations under the Plan. The Debtors' Assets have been liquidated and the proceeds will be distributed in accordance with the Plan and compliance with section 1129(a)(11).

26. As required by section 1129(a)(12) of the Bankruptcy Code, all fees payable pursuant to 28 U.S.C. § 1930 as determined by the Bankruptcy Court at the Combined Hearing shall be paid by the Debtors, or the Plan Administrator, as applicable, before or after the Effective Date.

27. Sections 1129(a)(13), (14), (15), and (16) are not applicable to these bankruptcy cases.

28. The Plan is the only Chapter 11 plan for the Debtors pending before this or any other court and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable.

29. The primary purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933. No party that is a governmental unit, or any other entity, has requested that the Court decline to confirm the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933. The Plan, therefore, satisfies the requirements of section 1129(d) of the Bankruptcy Code.

30. Any modifications made to the Plan following the proposal thereof have satisfied the requirements of section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

31. Finding that the Plan is confirmable based upon, *inter alia*, all of the foregoing Findings of Fact and Conclusions of Law, the Bankruptcy Court **HEREBY ORDERS** that:

32. The Disclosure Statement (i) contains adequate information within the meaning of section 1125 of the Bankruptcy Code and (ii) is **APPROVED** in all respects.

33. The Plan be, and hereby is, **CONFIRMED** in accordance with sections 1129(a) and (b) of the Bankruptcy Code. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

34. The record of the Combined Hearing is closed.

14-11691-scc    Doc 330    Filed 05/20/15    Entered 05/20/15 16:32:10    Main Document
Pg 9 of 15

35. The findings of fact and conclusions of law set forth above and the findings and conclusions of the Court at the Combined Hearing are incorporated herein by reference.

36. Upon the Effective Date, the Plan will be administered by the Plan Administrator and all actions taken under the Plan in the name of the Debtors shall be taken through the Plan Administrator.

37. As of the Effective Date, LBHI shall be deemed to have been duly appointed as Plan Administrator with the powers and duties set forth in the Plan and otherwise necessary to implement and consummate the Plan. The Plan Administrator shall be deemed the Debtors' and the estates' representative in accordance with section 1123 of the Bankruptcy Code and shall have all powers, authority and responsibilities specified in the Plan, including, without limitation, the powers of a trustee under sections 704 and 1106 of the Bankruptcy Code. The Plan Administrator (or any successor) shall have all the power, authority and responsibilities as applicable to a board of directors for the purpose of consummating the Plan and winding down the Debtors' affairs.

38. The Debtors and/or the Plan Administrator are authorized and empowered to execute, deliver and/or file such documents, and make such payments, as are necessary to consummate the Plan. All actions contemplated by the Plan are authorized and approved in all respects (subject to the provisions of the Plan and this Confirmation Order). Upon the Effective Date, the Plan Administrator is authorized to

execute and deliver and to perform the terms of any agreements, documents and instruments contemplated by the Plan in the name of and on behalf of the Debtors.

39. Upon the Effective Date of the Plan, all of the Debtors' assets shall vest in the Debtors free and clear of all claims, liens, encumbrances, charges and interests, except as otherwise expressly provided in the Plan or this Confirmation Order, and subject to the terms and conditions of the Plan and this Confirmation Order.

40. Subject to the provisions of the Plan and this Confirmation Order, the Debtors will continue to exist on and after the Effective Date for the purposes of winding down the Debtors' affairs, including but not limited to: (i) resolving Disputed Claims; (ii) administering the Plan; (iii) filing appropriate tax returns; and (iv) performing all such other acts and conditions required by and consistent with the terms of the Plan.

41. On and after the Effective Date, the Plan Administrator may conclude the winding down of the Debtors' affairs without supervision of the Bankruptcy Court, including the payment of fees and expenses of the Plan Administrator's professionals, other than any restrictions expressly imposed by the Plan and this Confirmation Order.

42. Upon the distribution of all Assets pursuant to the Plan and the filing by the Plan Administrator of a certification to that effect with the Bankruptcy Court (which may be included in the application for the entry of the final decree), the Debtors shall be deemed dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtors or payments to be made in

connection therewith; *provided, however*, that the Debtors may take appropriate action to dissolve under applicable law. Further, upon the aforementioned certification and entry of final Confirmation Order, the Debtors are authorized in their sole discretion to discard or destroy any and all prepetition books and records of the Debtors.

43. Pursuant to Article V of the Plan, the Debtors shall be deemed substantively consolidated for Plan purposes.

44. Pursuant to section 1141(a) of the Bankruptcy Code, except as provided in section 1141(d)(3) of the Bankruptcy Code, from and after the Confirmation Date, the Plan shall be binding upon the Debtors, all holders of Claims against, and Interests in, the Debtors and any other party in interest in the Chapter 11 Cases and their respective successors and assigns, regardless of whether the Claims or Interests of such holders or obligations of any party in interest: (i) are in a Class that is Unimpaired under the Plan or (ii) have filed a proof of claim or interest in the Chapter 11 Cases.

45. The injunction and exculpation provisions contained in Article VI of the Plan are approved in all respects and shall be effective as provided in the Plan. On the Effective Date, the provisions of Article VI of the Plan shall be valid, binding and effective in all respects, and are hereby approved as integral parts of the Plan as fair, equitable, reasonable and in the best interests of the Debtors, their estates and creditors, and other parties in interest in the Chapter 11 Cases, without the requirement of any further action.

46. As provided in Article II(B) of the Plan, requests for payment of Administrative Claims must be filed no later than 30 days after notice of entry of the Confirmation Order is filed with the Bankruptcy Court.

47. As provided in Article II(B)(2) of the Plan, all Professional Fee claimants seeking an award by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred before the Effective Date under section 503 of the Bankruptcy Code: (i) shall file their respective final applications for allowance of compensation for services rendered before the Effective Date, no later than 45 days after the Effective Date;  and (ii) shall be paid in full in such amounts as are allowed by the Bankruptcy Court in cash, unless a less favorable treatment is agreed to by the applicable professional.

48. A hearing on applications for final allowance of professional fees shall be held at a date and time to be scheduled by the Plan Administrator with the Court.  A notice of hearing shall be served upon the United States Trustee, counsel for the Committee and anyone who filed a notice of appearance.  Any professional fees and expenses incurred by professionals (for the Debtors, the Plan Administrator and the Committee) or the Plan Administrator subsequent to the Effective Date may be paid by the Plan Administrator in the ordinary course and subject to the terms of the Plan, as and when due, without application to the Bankruptcy Court.

49. On the Effective Date, the Chapter 11 Cases of FL 6801 Spirits LLC, FL 6801 Collins Central LLC, and FL 6801 Collins South LLC (the "Closing Debtors") shall be deemed to be closed for procedural purposes and for purposes of calculating

fees payable under 28 U.S.C. § 1930 only.  Any Claims against the Closing Debtors that are not satisfied in accordance with this Plan on the Effective Date shall be treated as Claims against FL 6801 Collins North LLC and shall be administered by the Plan Administrator in the Chapter 11 Case of FL 6801 Collins North LLC.  Until entry of a final decree closing all of the Chapter 11 Cases, the closing of the Chapter 11 Cases of the Closing Debtors shall not prejudice the rights of any creditor with respect to such Debtors or their estates.

50.    The Debtors or the Plan Administrator, as the case may be, shall pay all U.S. Trustee Fees with respect to FL 6801 Collins North LLC, in accordance with the terms of the Plan, until such time as the Court enters a final decree closing the FL 6801 Collins North LLC case.

51.    The Plan Proponents, or their authorized agent, shall serve notice of entry of this Confirmation Order and the last date to file Administrative Claims, by first-class mail within ten business days from the date of entry of this Order, upon: (i) all known creditors (or their respective nominees);  (ii) the United States Trustee;  and (iii) parties that received notice of the Combined Hearing.

52.    After the entry of this Confirmation Order, the Plan Proponents may modify the Plan to remedy any defect or omission or to reconcile any inconsistencies in the Plan or in this Confirmation Order, as may be necessary to carry out the purposes and effects of the Plan, provided that: (i) the Plan Proponents obtain approval of the Bankruptcy Court for such modification, after notice and a hearing;  and

(ii) such modification shall not materially and adversely affect the interests, rights or treatment of, Distributions to any Class under the Plan.

53. Pursuant to section 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, upon the occurrence of the Effective Date, the Plan shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

54. To the extent that this Confirmation Order and/or the Plan conflicts with: (i) the Disclosure Statement; (ii) any other agreement entered into between the Debtors and any party; or (iii) other orders of the Court, the Plan controls the Disclosure Statement and any such agreements or prior orders, and this Confirmation Order controls the Plan.

55. The automatic stay in effect in these bankruptcy cases pursuant to section 362(a) of the Bankruptcy Code shall continue to be effective until all of the Chapter 11 Cases are closed, and at such time shall be dissolved and of no further force or effect, subject to the provisions of the Plan and/or in this Confirmation Order.

56. To the extent of any inconsistency between this Confirmation Order and the Plan, this Confirmation Order shall govern.

57. The failure to specifically include any particular provision of the Plan in this Confirmation Order will not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Bankruptcy Court that the Plan is confirmed in its entirety and incorporated herein by reference.

58. Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, pursuant to sections 105 and 1142 of the Bankruptcy Code, this Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases to the fullest extent as is legally permissible.

Dated:   May  20,  2015
         New York, New York

/S/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE