UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                                          :

In re:                                                :         Chapter 11
                                                                  :

FL 6801 SPIRITS LLC, *et al.*,            :         Case No. 14-11691 (SCC)
                                                                 :

                        Debtors.        :         (Post-Effective Date Debtors)
                                                                      :
------------------------------------------------------------X

## ORDER AUTHORIZING TERMINATION OF EMPLOYMENT OF PRIME CLERK LLC AS NOTICE AND CLAIMS AGENT FOR THE DEBTORS

Upon the application (the "<u>Application</u>") submitted by the Plan Administrator[1] on behalf of the Post-Effective Date Debtors (the "<u>Debtors</u>"[2]) for entry of an order authorizing the Debtors to terminate the employment of Prime Clerk LLC ("<u>Prime Clerk</u>") as its notice and claims agent; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28 U.S.C. §1408; and due and proper notice of this Application having been provided and it appearing that no other or further notice need be provided; and the Court having found that the termination of Prime Clerk's employment as

---

[1]    Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Application.

[2]    The Debtors are FL 6801 Spirits LLC ("<u>FL Spirits</u>"), FL 6801 Collins North LLC ("<u>FL Collins North</u>"), FL 6801 Collins Central LLC ("<u>FL Collins Central</u>"), and FL 6801 Collins South LLC ("<u>FL Collins South</u>").

claims and noticing agent for the Debtors to be in the best interests of the Debtors, its estate and creditors, and all other parties in interest; and the Court having found that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Application is granted to the extent provided herein; and it is further

**ORDERED**, that Prime Clerk shall have no further obligations (arising out of the Agreement or otherwise) to the Court, the Debtors, or any party in interest with respect to this case; provided, for the avoidance of doubt, that the Agreement shall remain in effect as between the Debtors and Prime Clerk with respect to services provided following entry of this Order; and it is further

**ORDERED**, that within thirty (30) days of entry of this Order, Prime Clerk shall forward to the Clerk of the Court a final claims register in both alphabetical and numerical order in paper and portable data format (.pdf); and it is further

**ORDERED**, that within thirty (30) days of entry of this Order and at the direction of the Clerk's office, Prime Clerk shall box and transport all original proofs of claim to the Federal Archives; and it is further

**ORDERED**, that Prime Clerk shall continue to collect and forward any mail it receives related to this case to Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119 (Attn: Frank A. Oswald, Esq.); and it is further

**ORDERED**, that upon entry of this Order, Prime Clerk may destroy all

excess copies of notices, pleading, plan solicitation documents, customized envelopes, or other printed or copied materials;  and it is further

**ORDERED**, that upon entry of this Order, Prime Clerk may destroy all undeliverable and/or returned mail not previously destroyed;  and it is further

**ORDERED**, that the Debtors shall remit to Prime Clerk payment of all outstanding fees and reimbursement of all expenses within thirty (30) days of entry of this Order or submit any disputes related thereto to this Court;  and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:   New York, New York
        October 23, 2015

                                    /S/ Shelley C. Chapman
                                    HONORABLE SHELLEY C. CHAPMAN
                                    UNITED STATES BANKRUPTCY JUDGE